L. C. STEVENS, Plaintiff-Appellant,

v.

Jack HEARD, Individually and in his official capacity as Sheriff of the Harris County, Texas, et al., Defendants-Appellees.

No. 81-2230
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1982.

L. C. Stevens, pro se.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, Tex., for Heard.

Booker T. Morris, III, Asst. Atty. Gen., Austin, Tex., for Estelle, Whiteside, Cromwell and Wells.

Before CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

L. C. Stevens appeals from the district court's order denying his claims for injunctive and declaratory relief and dismissing his claims for monetary relief without prejudice. The defendants claim that because Stevens failed to file a notice of appeal within 30 days of the final judgment he is barred from proceeding with this appeal. We agree.

The district court entered a final judgment on December 19, 1980. Stevens' Notice of Appeal and Certificate of Probable Cause were stamped by the district clerk's office as filed on January 22, 1981, more than 30 days after the final judgment was entered. Although the Certificate of Probable Cause is stamped as received on both January 15 and January 22, 1981, there is no indication that the Notice of Appeal was received or filed before January 22.[1]

The burden of proof is on Stevens to establish that this court has jurisdiction. See Walker v. Newgent, 583 F.2d 163, 166 (5th Cir. 1978), cert. denied, 441 U.S. 906, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1979); United States v. Sanders, 255 F.Supp. 876, 879 (N.D.Cal.1966). The only proof offered by Stevens to show a timely notice is a copy of a letter, dated January 4, 1981, to the Clerk

---

1. Because the Certificate of Probable Cause was stamped both as received on January 15, 1981, and as received on January 22, 1981, we requested the district clerk's office to verify when the Notice of Appeal was received. The Clerk's office was unable to state why there were two received stamps on the Certificate of Probable Cause. The only explanation offered was that the Certificate of Probable Cause may have been received on January 15, returned to Stevens for some reason and then refiled on January 22. No docket entry, stamp or other record exists which reveals whether such a return was made (if indeed it was) because no notice of appeal was on file on January 15. Such conjecture would still avail Stevens nothing. January 22, 1981 is the only date the district court's records or recollection establish as the date of filing of the Notice of Appeal.

of the Southern District of Texas. In that letter, Stevens stated that he was enclosing a Notice of Appeal and Certificate of Probable Cause. There is, however, no verification of the date of the letter, such as a notary's stamp or receipt from the post office. Moreover, Stevens cannot rely on a statement from the defendants as to when they received their copy of the Notice of Appeal since Stevens has stated that he was unable to mail a copy of the Notice of Appeal to the defendants. Stevens has failed to establish that his Notice of Appeal was filed before January 22, 1981, the date stamped on it by the district clerk's office.

Because the January 22 notice of appeal is untimely, this court lacks jurisdiction.

APPEAL DISMISSED.