L. C. STEVENS, Plaintiff-Appellant,

v.

Jack HEARD, individually and in his official capacity as Sheriff of Harris County, Texas, et al., Defendants-Appellees.

No. 81–2230

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 23, 1982.

L. C. Stevens, pro se.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, Tex., for Heard.

Booker T. Morris, III, Asst. Atty. Gen., Austin, Tex., for Estelle, Whiteside, Cromwell & Wells.

Before CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The court sua sponte withdraws the opinion previously issued on January 11, 1982, 665 F.2d 578, 5th Cir., and substitutes the following as the opinion of the court.

L.C. Stevens appeals from the district court's order denying his claims for injunctive and declaratory relief and dismissing without prejudice his claims for monetary damages. We affirm.

## I.

Stevens was convicted by the State of Texas in June 1973 for selling heroin and sentenced to 50 years in the Texas Department of Corrections. Later that year two detainers were lodged against him as a result of convictions in Harris County, Texas. The sentences resulting from these two convictions will not begin until Stevens has served his present sentence. Stevens contends that these latter two sentences should have started to run when the judgments of conviction were entered. Because the detainers have remained lodged against him, Stevens claims that he has been deprived of adequate medical treatment, emergency reprieves and participation in trusty and work release programs. Stevens brought suit under 42 U.S.C. § 1983 (1976) to recover damages for his alleged deprivations and to remove the bar posed by these detainers.

## II.

Texas contends that because Stevens failed to file a timely notice of appeal, we are barred from reaching the merits of his appeal. We disagree.

The district court entered a final judgment on December 19, 1980. Stevens' Notice of Appeal and Certificate of Probable Cause are stamped by the district court clerk's office as filed on January 22, 1981, more than 30 days after the final judgment was entered. The Certificate of Probable Cause, however, is stamped as received on both January 15 and January 22, 1981. The clerk's office was unable to verify exactly when the documents were received. It suggested that the Certificate of Probable

Cause may have been received on January 15, returned to Stevens and received again and filed on January 22, 1981, with the Notice of Appeal.

Rule 4(a), Fed.R.App.P., requires as a jurisdictional limit that a notice of appeal "be filed with the clerk of the district court within 30 days from the date of the entry of the judgment." Although we have strictly adhered to the time requirements of Rule 4, we have recognized that the timely filing of a document, which is the equivalent of a notice of appeal, will satisfy the requirements of Rule 3, Fed.R.App.P. *See Cobb v. Lewis*, 488 F.2d 41 (5th Cir. 1974).

Thus, we have held that the timely filing of a petition for leave to appeal in forma pauperis constitutes sufficient compliance with Rule 3. *See Tillman v. United States*, 268 F.2d 422, 423–24 (5th Cir. 1959); *Roth v. Bird*, 239 F.2d 257, 259 (5th Cir. 1956); *Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955). In *Carter v. Campbell*, 285 F.2d 68, 72 (5th Cir. 1960), we found that a petition "for leave to proceed on the original record and our order granting such leave constitute adequate notice of appeal."

*Cobb v. Lewis, supra*, extensively reviewed these cases and concluded that a document, which was timely filed with the court, would be sufficient to perfect an appeal if it "clearly evinces an intent to appeal." *Id.* at 45. The filed document should put both the court and the opposing party on notice.

The facts in this case not only raise the issue of whether Stevens' Certificate of Probable Cause was equivalent to a Notice of Appeal under Rule 3, but also the issue of whether the fact that the Certificate was received but not filed within 30 days affected its validity under Rule 4. It is the presence of this second issue which distinguishes this case from our earlier cases, such as *Des Isles*, *Roth*, and *Tillman*. In all of those cases, the in forma pauperis petition had been *filed* within the 30-day time limit. The only question was whether a document which was timely filed was the equivalent of a notice of appeal.

If the Certificate of Probable Cause had been timely filed, it would have been sufficient to satisfy the requirements of Rule 3. The Certificate states "These are the allegations plaintiff wishes to present to the Appeals Court ...." It then lists five issues. This language clearly indicated Stevens' intent to appeal. Receipt and filing by the clerk's office would have given direct notice of Stevens' intent to the court and at least constructive notice to the opposing party. *See Cobb, supra*.

The more difficult question arises from the fact that the Certificate was officially received by the clerk but not filed within 30 days, as required by Rule 4. In *Deloney v. Estelle*, 661 F.2d 1061 (5th Cir. 1981), we recognized that when a party has no control over the delay between the clerk's receipt of a notice of appeal and its filing, the fact that a notice of appeal, timely received, was filed out of time did not defeat the appeal. Although *Deloney* indicates that the clerk's failure to file a notice of appeal will not necessarily defeat an appeal, *Deloney* does not control this case. In *Deloney*, the title of the document clearly put the clerk on notice both of its purpose and of the need for prompt filing. In this case, only by examining the contents of the Certificate of Probable Cause could the clerk have determined that Stevens intended to appeal. It would, however, place the clerk's office in an intolerable position to require it to read every document submitted, determine whether the litigant really intended to appeal, decide if the document were legally sufficient to accomplish that purpose and then file the substitute document. If the clerk's office did indeed mark the Certificate of Probable Cause (a document not required in a section 1983 action) received and then returned it to Stevens so that he could file the proper papers, we find no fault with that action.

Although we find no fault in the administrative course followed by the clerk, *Cobb v. Lewis* counsels that this should not defeat a litigant's right to appeal when he has in fact timely submitted a legally sufficient document. *Cobb* recognized that the purpose of the appellate rules was to "secur[e]

speedy and inexpensive justice in a uniform and well-ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants .... " 488 F.2d at 45 (quoting *Des Isles v. Evans*, 225 F.2d at 236 (5th Cir. 1955)).

■ Rather than requiring the clerk's office to determine the legal sufficiency of documents sent to it, the burden of establishing sufficiency should be on the party who failed to submit the proper document in the first place. Should a clerk deny filing to a pleading or other document which is claimed to equate to a notice of appeal, the party whose document is denied filing may raise as a judicial issue whether the document was tendered timely and was legally sufficient to serve as a notice of appeal.

■ In this case, Stevens' Certificate of Probable Cause is stamped as having been initially received on January 15, 1981, within 30 days of the final judgment entered by the district court. When the clerk returned the Certificate to Stevens, Stevens promptly filed a Notice of Appeal. Finally, an examination of the Certificate indicates that it "clearly evinces the party's intent to appeal." *Cobb v. Lewis*, 488 F.2d at 45. We therefore reach the merits of Stevens' appeal.

### III.

Stevens' complaint alleges that two detainers are improperly lodged against him because the sentences which the detainers represent should have already run. He claims that because the detainers have remained lodged against him he has been denied adequate medical care, emergency reprieves, and the opportunity to participate in various prison programs. Stevens sought an injunction requiring the prison officials: i) to expunge the detainers from their records; ii) to promote Stevens to State Approved Trusty, Class III; iii) to award Stevens retroactive overtime; and iv) to provide adequate medical treatment to Stevens in the future. Stevens also sought a declaratory judgment that the practices engaged in by the prison officials were unconstitutional. He sought damages for the denial of both emergency reprieves and adequate medical care. Finally he sought an injunction prohibiting the prison officials from considering the existence of any detainer in determining eligibility for prison programs and from retaliating against him for bringing this suit.

In *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), the Supreme Court held that when a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus. This is so even though the facts of his complaint are sufficient to state a cause of action under 42 U.S.C. § 1983. The Court reasoned that allowing a prisoner to challenge his confinement in a section 1983 suit in federal court would frustrate Congress' intent that the states be given the first chance to decide such suits. *See id.* at 489–90, 93 S.Ct. at 1836. *Preiser* recognized, however, that if a state prisoner sought damages rather than injunctive relief, a section 1983 action might lie. *See id.* at 494, 93 S.Ct. at 1838. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), later confirmed *Preiser's* suggestion that a state prisoner may bring a claim for damages under section 1983 without first exhausting state remedies.

This circuit has recognized, however, that *Wolff* did not intend to exempt all state-prisoner damage claims from *Preiser's* reasoning. *See Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), *aff'd* 550 F.2d 342 (5th Cir. 1977) (en banc). In *Fulford*, we found that *Wolff* authorized a section 1983 suit "to examine the constitutionality of the state prison procedure, and to award damages which were incidental to an invalid proceeding." *Id.* at 381. We noted, however, that "where the basis of the claim goes to the constitutionality of the state court conviction" habeas is the exclusive cause of action regardless of whether the plaintiff requests injunctive relief or damages. *See id.*

■ Stevens' request that the detainers be expunged clearly challenges any future

confinement arising from the two convictions in Harris County. *Preiser* requires that he raise this claim in a petition for habeas corpus relief. Moreover, the district court determined that granting Stevens' second request, that he be promoted to a particular trusty status and that he be granted overtime retroactively, would have the effect of shortening his prison sentence. Because this claim goes to the duration of his confinement, it also should have been raised in a petition for habeas corpus.

Stevens sought monetary damages for denial of adequate medical care and for mental suffering resulting from the denial of emergency reprieves. He also requested an injunction to ensure that he would receive adequate medical treatment in the future.[1] Stevens claims that the detainers prevented and will continue to prevent him from obtaining both medical care and the reprieves. Construing Stevens' complaint liberally still leads to a basic claim that the invalid detainers have prevented him from receiving certain benefits. An adjudication of his damage claims and the request for injunctive relief would entail a determination of the validity of the detainers. This is precisely the situation which *Fulford* sought to avoid. The district court therefore correctly determined that Stevens' claim for damages should be brought only after he has sought habeas relief in state court to determine the validity of the detainers.

Stevens also sought a declaratory judgment that the defendants' practices were unconstitutional. A determination of the constitutionality of the defendants' practices, no less than a judgment for damages, would frustrate the policy of state exhaustion. The district court properly declined to decide this issue.

■■■ Two of Stevens' claims do not, however, implicate the validity of the detainers. Stevens sought an injunction preventing the prison officials from considering the existence of detainers in determining eligibility for prison programs. He also sought an injunction to prevent the prison officials from retaliating against him for filing this suit. The first of these claims does not question the legality of the detainers which are lodged against him. Instead, it challenges the practice of considering any detainers in determining eligibility for prison programs, such as the work release or trusty programs. This claim was properly brought under section 1983. The district court found, however, that because a detainer may indicate that there is either an outstanding charge or a conviction against a prisoner, it could not forbid a prison official from considering the existence of such information in determining eligibility for programs. Because the presence of other convictions or charges may be a significant factor in determining a prisoner's ability to participate in such programs or the security risk he poses to the community, we cannot find that the district court abused its discretion in denying injunctive relief.

■ The district court also denied an injunction preventing retaliation against Stevens. The reason given by the court ("Plaintiff has offered no facts in support of his request . . .") is improper where the court dismisses on the pleadings. However, since Stevens did not allege that retaliation was threatened, we find no error in this action. *See Spomer v. Littleton*, 414 U.S. 514, 520–21, 94 S.Ct. 685, 689, 38 L.Ed.2d 694 (1974).

AFFIRMED.

---

1. The district court denied Stevens an injunction ensuring future medical care in part because the relief he requested was not germane to the central issue in his complaint. Stevens alleged that he had been and would continue to be denied adequate medical care because the detainers prevented him from getting an emergency medical reprieve. As part of the relief for this violation, Stevens requested that he be given outside medical care and that the state prison be required to have a physician on duty twenty-four hours a day. Stevens did not allege that the state prison failed to provide adequate medical care as such. Instead, the complaint concentrates on the existence of the detainers which prevent him from receiving privileges, such as emergency medical reprieves, which are available to other inmates. The district court noted that if Stevens had simply alleged he had been denied adequate medical attention regardless of the detainers, an action under section 1983 to recover damages and injunctive relief could be maintained.