**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Earl DAVIS, Defendant-Appellant.**

**No. 82–1060.**

United States Court of Appeals,
Fifth Circuit.

June 1, 1982.

---

James E. Davis, pro se.

Anthony W. Vaughn, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Finding that the notice of appeal from the district judge's denial of relief under 28 U.S.C. § 2255 was not timely filed, we dismiss the appeal.

James E. Davis was convicted of violating 18 U.S.C. §§ 371 and 2314 by conspiracy to defraud and causing persons to travel interstate in execution of a scheme to defraud them of money in excess of $5,000. The history of his post trial procedures is as follows:

June 22, 1979: Conviction affirmed by Fifth Circuit by Rule 21 decision;

November 15, 1979: "First" District Court Memorandum Order: "Petitioner has 30 days to file any objections . . . the Government is granted 20 days following receipt of any supplemental pleadings of petitioner;"

February 12, 1980: "Second" District Court Memorandum Order: "Petition for relief pursuant to section 2255 is *denied* ; as to issue of ineffective assistance of counsel by court appointed attorney . . . . Movant intentionally relinquished or abandoned any such conflict of interest; as to the remaining issues for the reasons stated in the November 15, 1979 Memorandum Order. It is ORDERED that Movant's request for release on bail be and hereby is *denied* ;"

February 25, 1981: Davis's "Motion to Reconsider Denial of Motion Under Section 2255 Pursuant to Rule 60(b) FRCP" was filed;

June 11, 1981: "ORDER: Motion to reconsider is accordingly DENIED;"

September 18, 1981: Davis filed "MOTION for Writ of Habeas Corpus and Temporary Restraining Order;"

September 22, 1981: Davis sent letter to Clerk of Fifth Circuit, enclosing a copy of his September 18, 1981, motion and stating, "My intentions are to file a Mandamus Action in the Fifth Circuit pursuant to Civil Rules and Procedure (sic) should I not be given my due process" in the district court;

October 28, 1981: "Third" District Court Memorandum Order: "Motion for temporary restraining order is denied since no irreparable injury has been demonstrated; if a petition for writ of habeas corpus relief is presented in this pleading, although none was found, it is denied; and . . . the court has considered the request that he recuse himself and is persuaded the sentencing judge is the person most aware of the facts, and the extended writ writing of movant, accordingly, the Court has determined it is in the best interests of justice and judicial economy that he decline to recuse himself on this motion;"

November 9, 1981: Davis sent letter to Clerk of Fifth Circuit, enclosing copy of his September 22, 1981, letter and declaring, "As stated in [that] letter, I have enclosed the Motion for Writ of Mandamus;"

November 12, 1981: Davis's Motion for Writ of Mandamus filed in Fifth Circuit and given docket number 81–9349;

November 16, 1981: Motion returned to Davis because it was not accompanied by docketing fee or, in the alternative, a motion for leave to proceed in forma pauperis;

November 23, 1981: Motion returned to Fifth Circuit by Davis, accompanied by motion for leave to proceed in forma pauperis;

November 30, 1981: Davis's Motion referred from Clerk's Office to Staff Counsel's Office;

December 28, 1981: E. J. Higgins, Assistant Director of Staff Counsel's Office, sent letter to Davis stating, in part, "You are requesting in your petition that the Fifth Circuit ... order the district court to docket and hear your habeas corpus motion; you also request the Fifth Circuit to order Judge Mahon to recuse himself.... Because it is apparent that the action you wish this Court to take is no longer appropriate and because your action in the district court has become final, there is no need for a ruling on your petition for mandamus;"

January 9, 1982: Davis sent letter to Clerk of Fifth Circuit stating, in part,
Because of my very limited knowledge of the law I filed a Motion for Writ of Mandamus in this Court, which should have been an Appeal of the Denial of the Habeas Corpus by the [district court]. I plead with the Court to reconsider the Mandamus Motion but as an Appeal of the Habeas Corpus Motion;

January 14, 1982: Letter from Clerk's Office to Davis (sent to wrong address) advising Davis that, pursuant to Fed.R. App.P. 4, the notice of appeal must be filed directly with the clerk of the district court that denied his motion for habeas corpus;

January 24, 1982: Letter from Davis to Clerk's Office (Fifth Circuit) seeking response to his letter of January 9, 1982; he apparently had not received Clerk's letter of January 14, 1982;

January 27, 1982: Copy of Clerk's letter of January 14, 1982, sent to Davis in response to his letter of January 24, 1982;

January 29, 1982: a) Letter from Davis to Clerk of Fifth Circuit stating, in part, "Please accept this letter as my request to Appeal the [district court's] Decision. I make this request pertaining to the Habeas Corpus Motion that was denied in [sic] incorrectly Appealed through a Motion for Writ of Mandamus ...;" b) Letter from defendant to clerk of district court stating, in part, "Please accept this letter as my notice to this [i.e., the district] Court";

February 2, 1982: Davis's Notice of Appeal marked filed on district court's docket sheet;

March 16, 1982: Government filed motion to dismiss Davis's appeal as untimely: "Appellant's Notice of Appeal was filed some 97 days after the entry of the order of the district court [i.e., from October 28, 1981, to February 2, 1982, is 97 days]."

In *Stevens v. Heard*, 674 F.2d 320, we affirmed the test of timeliness previously raised in *Cobb v. Lewis*, 488 F.2d 41 (5th Cir. 1974): a document timely filed will be sufficient to perfect an appeal if it "clearly evinces an intent to appeal." *Stevens, supra*, 674 F.2d at 323, *quoting Cobb, supra*, 488 F.2d at 45.

The question before us, then, is whether Davis's "Motion for a Writ of Mandamus" "evinces an intent to appeal"? Having examined it carefully, we can find no such intention stated in the motion. It is not only prepared like a mandamus motion, expressly based on 28 U.S.C. § 1651, but it clearly requests our court to order the district judge to act in a certain way, *i.e.*, it is, in effect, directed against the district judge, not the United States. When Davis indicates to whom he has sent copies of docu-

ments relating to his mandamus motion, it is always to the district judge, again, not the United States. No error in the district court's actions is asserted, and no request for review is made.

Accordingly, under the *Stevens-Cobb* rule, we hold that the appeal was not timely filed. Though it is purely obiter dicta, we add that we have examined the claim on the merits. All the matters suggested in it should have been raised on appeal. The evidence not of record could have been made part of the record by a proffer of evidence, depositions or affidavits. We note no denial of Davis's constitutional rights on the grounds now alleged.

For these reasons, the appeal is DISMISSED.