**VICTOR F., by next friend GENE F. and Geraldine F., Plaintiffs-Appellants,**

v.

**PASADENA INDEPENDENT SCHOOL DISTRICT, et al., Defendants-Appellees.**

No. 86–2029.

United States Court of Appeals, Fifth Circuit.

July 2, 1986.

Geraldine F., pro se.

Donald G. Henslee, David P. Ryan, Susan L. Wheeler, Kevin T. O'Hanlon, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before REAVLEY, GARWOOD, and HILL, Circuit Judges.

PER CURIAM:

After having missed the deadline for filing a timely notice of appeal, plaintiffs Gene and Geraldine F.[1] timely filed a motion in the district court to request an extension of time. This appeal presents a challenge to the district court's refusal to consider this motion because it did not bear a certificate of service as required by the Local Rules of the United States District Court for the Southern District of Texas.[2] Finding the challenge without merit, we affirm.

I.

Fed.R.App.P. 4(a)(1) provides that a notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...." If a would-be appellant misses this deadline he may not obtain an extension for filing from this court, Fed.R.App.P. 2 and 26(b); however, he may "upon a showing of excusable neglect or good cause" receive an extension from the district court "upon motion filed not later than 30 days after the expiration of the time prescribed by [Fed.R.App.P. 4(a)]." Fed.R.App.P. 4(a)(5).

Plaintiffs' timely-filed motion under Fed. R.App.P. 4(a)(5) was denied effect by the operation of two local rules of the district court. The first, Rule 10 D(3), provides that

each paper offered for filing in any case: (3) shall bear at its end a certificate reflecting how and when service thereof has been made or why service is not required.

The second, Rule 10 G, provides:

Any paper offered for filing which ... does not conform to the requirements of this Rule may, for that cause or for other good cause, be ordered stricken from the file by the Judge on motion or sua sponte.

We do not construe this appeal as a facial challenge to Rule 10 D(3)'s requirement of a certificate of service. Rather, we perceive the issue to be whether, in the context of a motion for an extension of time, imposition of the sanctions provided for in Rule 10 G for failure to attach a certificate of service is appropriate in light of this court's liberality in interpreting the manner and form of filing a notice of appeal.

In *Stevens v. Heard*, 674 F.2d 320 (5th Cir.1982), we held that a certificate of probable cause which clearly evinces an intent to appeal should be treated as a notice of appeal filed on the date of receipt. In reaching this conclusion, we considered and rejected the argument that such a policy would unduly burden the district court in its task of notifying the parties to a lawsuit that a notice of appeal had been filed.

Rather than requiring the clerk's office to determine the legal sufficiency of documents sent to it, the burden of estab-

---

1. Gene and Geraldine F. brought this action *pro se* as next friends to their minor son, Victor F.

2. On the sixty-fourth day after the entry of judgment plaintiffs filed a second motion for an extension which fully complied with the local rules. The district court was plainly correct in holding that it had no jurisdiction to consider this untimely motion. Fed.R.App.P. 4(a)(5).

lishing sufficiency should be on the party who failed to submit the proper document in the first place. Should a clerk deny filing to a pleading or other document which is claimed to equate to a notice of appeal, the party whose document is denied filing may raise as a judicial issue whether the document was tendered timely and was legally sufficient to serve as a notice of appeal. *Stevens,* 674 F.2d at 323.

Our holding in *Stevens* left open for future determination on a case-by-case basis the question whether documents not in strict compliance with Fed.Rs.App.P. 3 (describing content of notice of appeal) and 4 were legally sufficient substitutes for notices of appeal. In so doing we generated a substantial degree of uncertainty regarding the treatment of such documents by the clerk's office. Implicitly, at least we subordinated the interest of the clerk's office in efficiency and the interest parties have in prompt, actual notice of another party's intent to appeal to the interest of would-be appellants in securing an appeal with a minimum of formalistic rigor. It is arguable that our court's interpretation of the applicable federal appellate rules is inconsistent with the rigid approach adopted by the district court in the present case. We believe, however, that *Stevens* is justifiable on grounds which are not applicable in the case of a motion to extend the time for filing a notice of appeal.

The *Stevens* analysis relies heavily on a prior decision of our circuit, *Cobb v. Lewis,* 488 F.2d 41 (5th Cir.1974), an opinion which we believe supplies the key to resolving the issue before us. In *Cobb* we wrote that "[c]ourts of appeals have discretion, when the interests of substantive justice require it, to disregard irregularities in the form or procedure for filing a notice of appeal." We exercised this discretion in *Cobb* when we permitted a motion to appeal under 28 U.S.C. § 1292 to function as a notice of appeal and again in *Stevens* when we per-

mitted a motion for a certificate of probable cause to serve the same function. In a motion to extend the time for filing a notice of appeal, however, it is not the exercise of our discretion which is at issue but, rather, the exercise of the district court's discretion.

## II.

The grant or denial of a Rule 4(a)(5) motion is a matter lying within the sound discretion of the district court. *Cuevas v. Reading & Bates Corp.,* 770 F.2d 1371, 1377 (5th Cir.1985); *see Campbell v. Bowlin,* 724 F.2d 484, 488 (5th Cir.1984). The standard we apply in reviewing a district court's application of local rules in disposing of motions is, likewise, an abuse of discretion standard. As we stated in *Wirtz v. Hooper-Holmes Bureau, Inc.,* 327 F.2d 939, 943 (5th Cir.1964), "[A] district court may abuse its authority and discretion in the application and enforcement of local rules, which are otherwise valid. Local rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons." Application of the district court's local rules will, in this case, bar plaintiffs' access to the court of appeals; nevertheless, we believe there to be no basis for substituting our own discretion for that of the district court. Indeed, with respect to notice,[3] Rule 4(a)(5) specifically provides that local rules of procedure apply. It states: "Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules."

Applying the abuse of discretion standard of review, we find that the district court did not act improperly in striking plaintiffs' motion. This is not a case where plaintiffs served notice within the sixty-day time period prescribed by Rule 4(a)(5) but failed to attach a certificate of service reflecting such service had been made. Plaintiffs did not give notice of their mo-

**3.** Rule 10D(3) governs notice insofar as it contemplates that service must be made on or be- fore the date of filing.

tion to the defendants until the sixty-first day after entry of judgment. We note, in addition, that plaintiffs have prosecuted this lawsuit with an energy which surpassed zeal and a singleness of mind and purpose which traversed the bounds of Fed.R.Civ.P. 11. Under these circumstances we believe that striking plaintiffs' motion for failure to attach a certificate of service required by local rules was an appropriate exercise of the district court's discretion.

AFFIRMED.