**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 98-10127
Summary Calendar

TEXAS DEPARTMENT OF HOUSING AND COMMUNITY AFFAIRS,
f/k/a TEXAS HOUSING AGENCY,

Plaintiff-Appellant

VERSUS

VEREX ASSURANCE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:89-CV-515-4)

September 11, 1998

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

The Texas Department of Housing and Community Affairs, f/k/a/ Texas Housing Agency ("THA") sued Verex Assurance, Inc., ("Verex") claiming coverage of three defaulted loans. The district court entered a take nothing judgment with respect to all three loans. This Court affirmed the judgment with respect to two loans and reversed and remanded with respect to the third ("Abbott") loan. On remand the district court entered judgment in favor of THA on

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Abbott loan, leaving the amount of attorney's fees to be determined on motion by THA under Fed. R. Civ. P. 54 (d)(2).

In the Northern District of Texas local rules require that all opposed motions be "accompanied by a brief setting forth the movant's contentions of fact and law ...." U.S. Dist. Ct. Rules N.D. Tex., L.R. 7.1(d).[2] THA filed a motion for attorney's fees incurred in the prosecution of its claim on the Abbott loan, which was not accompanied by a brief as required by Local Rule 7.1(d). Hence, the district court entered an order unfiling THA's motion for attorney's fees. THA filed a motion to extend time in which to file a motion and supporting brief for attorney's fees. The district court, apparently finding no excusable neglect, denied the motion for an extension of time. THA filed a motion to reconsider, which was also denied. THA appeals.

THA argues that the district court's insistence that a brief be filed in support of the motion for attorney's fees was misplaced, because the final judgment on the Abbott loan had already determined THA's right to attorney's fees, and the only issue remaining was the factual determination of what portion of THA's attorney's fees were attributable to the claim based on the Abbott loan. Therefore, THA argues that there were no issues of law to be briefed, and a brief in support of the motion was not necessary. Under such circumstances, THA argues that the district court's strict adherence to local rule elevated form over substance

---

[2]Local Rule 7.1(d) has since been amended to provide that "[a]n opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law and argument and authorities ...."

and deprived THA of its substantive right to attorney's fees. In the alternative, THA argues that its failure to comply with Local Rule 7.1(d) was due to excusable neglect, and therefore, its motion for an extension of time to file a compliant motion for fees or its subsequent motion for reconsideration should have been granted.

This Court reviews all the district court rulings challenged by THA for an abuse of discretion. *Victor F. v. Pasadena Independent School Dist.*, 793 F.2d 633, 635 (5th Cir. 1986)(district court application of local rules in disposing of motions reviewed for abuse of discretion); *United States v. Clark*, 51 F.3d 42, 43 n. 5 (5th Cir. 1995)(district court finding of no excusable neglect reviewed for abuse of discretion); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993)(district court denial of motion for reconsideration reviewed for abuse of discretion).

The district court's post-remand opinion and final judgment on THA's claim under the Abbott loan did determine the merits of THA's claim for attorney's fees.[3] Hence, there was nothing more left to be determined on THA's Rule 54 motion for attorney's fees, save the amount of those fees. However, contrary to THA's argument, there were contentions of law and fact, which necessitated a supporting

---

[3]The district court's *Post-Remand Opinion Regarding Abbott Loan* reads in pertinent part that "[i]n accordance with Texas law, Plaintiff is entitled to an award of .... attorney's fees regarding that claim [on the Abbott loan]. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1986)(providing for reasonable attorney's fees in suits based upon an oral or written contract) .... The *amount* of recoverable attorney's fees will be determined in the manner set forth in Federal Rule of Civil Procedure 54(d)(2)." (emphasis added).

brief under Local Rule 7.1(d). Principally, THA did not indicate to the district court how it should apportion the fees incurred by THA between the two unsuccessful claims and the claim on the Abbott loan. The motion itself only asked the district court to determine the amount of those fees incurred by THA (ostensibly $136,739.50 in fees and $10,614.05 in court costs) which were attributable to THA's claim on the Abbott Loan. THA should have filed a supporting brief suggesting a method of apportionment, but THA seemed content to accept whatever method the district court chose. However, it is not the district court's responsibility to devise a method of apportionment which is consistent with the Texas Civil Practice and Remedies Code. Rather, that is THA's responsibility, and the very reason why a supporting brief was necessary. Therefore, we conclude that the district court did not abuse its discretion by unfiling THA's motion for attorney's fees for lack of a supporting brief in compliance with Local Rule 7.1(d).

Likewise, the district court did not abuse its discretion by refusing to allow THA an extension of time to refile an appropriate motion and supporting brief. Under the Federal Rules of Civil Procedure:

> [w]hen .... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion .... upon motion made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect* ....

Fed. R. Civ. P. 6(b)(emphasis added). The Supreme Court has noted that "inadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect ...."

**4**

*Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993). Nevertheless, "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* The determination of "what sorts of neglect will be considered 'excusable' .... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's ommission." *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498.

It is clear that THA knew of the requirements of Local Rule 7.1(d) and chose not to comply on the theory that it was not necessary. That was not neglect, but a calculated choice made upon a misunderstanding of the requirements of the rule. On these facts we conclude that the district court did not abuse its discretion in denying THA's motion for an extension of time and its subsequent motion to reconsider. We therefore affirm.

AFFIRMED.