**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 98-40555

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD PULGARIN-OSPINA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

(L-93-CR-203-ALL)

---

May 24, 1999

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

We interpret petitioner's appeal in this case as one appealing the district court's decision to

deny him relief under 28 U.S.C. § 2255. For the reasons set forth below, we find that we do not have

appellate jurisdiction and therefore DISMISS his appeal.

## FACTUAL HISTORY & PROCEDURAL BACKGROUND

In 1994, petitioner Harold Pulgarin-Ospina ("Pulgarin") was charged *inter alia* with

possession with the intent to distribute approximately 1,332.6 grams of heroin in violation of 21

U.S.C. § 841(a)(1), (b)(1)(A). Pulgarin pleaded guilty pursuant to a plea agreement, and the

court ordered a Presentence Report ("PSR") prepared. The PSR reflected that, after being

detained, Pulgarin excreted 112 pellets; these pellets had a gross weight of 1,332.6 grams and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

contained 1,143.7 grams of heroin. The PSR further noted that the heroin was only 3.5% pure. In his response to the PSR, Pulgarin requested that the court take note of "the unusually low purity of the drug." The court sentenced Pulgarin to the statutory minimum term of imprisonment of 10 years. Pulgarin signed a waiver foregoing his right to challenge his conviction or sentence on direct appeal.

On April 23, 1997, Pulgarin filed a motion, pursuant to 28 U.S.C. § 2255, asserting a slew of errors regarding his sentence. He argued, *inter alia*, that the low purity of the heroin warranted a downward departure from the applicable guidelines range and that his counsel had been ineffective for failing to challenge the district court's finding regarding the quantity of heroin he had possessed. He also alleged that counsel was ineffective for allowing him to plead guilty when he had a history of mental problems. Two days later, on April 25, 1997, the district court concluded that Pulgarin's contentions were frivolous and denied the motion.

Approximately 20 days thereafter, on May 15, 1997, Pulgarin filed in the district court a motion for a COA to challenge the denial of his § 2255 motion; Pulgarin, however, did not file a separate notice of appeal in the district court. On May, 30, 1997, the district court denied Pulgarin a COA, observing that it had already determined his § 2255 motion to be wholly frivolous. No appeal was docketed in this court.

On March 30, 1998, Pulgarin filed a motion to reduce sentence pursuant to § 3582(c)(2). The motion argued that the district court had erred in sentencing Pulgarin because it had failed to take into account that the 1,143.7 grams of heroin found in his possession had been only 3.5% pure. Because only 3.5% of the substance found in his possession was heroin, Pulgarin asserted, he had actually possessed only 40 grams of heroin (3.5% of 1,143.7 equals 40). Accordingly, urged Pulgarin, the district court had erred in sentencing him based on the possession of more than 1 kg of heroin.

Observing that relief under § 3582 is available only when the Sentencing Commission lowers the applicable guidelines range and expressly states that the modification is retroactive, the

2

district court concluded that Pulgarin's motion was unavailing. The court noted that the Sentencing Commission had not reduced the applicable range and further remarked that the Commission was incapable of doing so because Pulgarin had been sentenced to the statutory minimum of 10 years. Pulgarin filed a timely notice of appeal from the dismissal of his § 3582 motion on April 14, 1998.[1]

## DISCUSSION

We begin by trying to sort out what exactly it is that Pulgarin is appealing. The district court has entered three relevant orders as to Pulgarin's attempts to obtain post-conviction relief: first, it dismissed as frivolous Pulgarin's motion under 28 U.S.C. § 2255 on April 25, 1997; second, it denied Pulgarin's request for a COA on May 30, 1997, and third, it denied his motion under 18 U.S.C. § 3582 on April 1, 1998. As the only notice of appeal filed by Pulgarin was with respect to this last order denying him relief under § 3582, one might expect that the appeal with which we deal today concerns that order by the district court. But it does not. Indeed, Pulgarin's brief does not even mention § 3582. Instead, the appeal is styled as a motion to vacate, set aside, or correct his sentence pursuant to § 2255.[2]

Presumably, then, Pulgarin is attempting to appeal the district court's April 25, 1997 order denying him relief under § 2255. However, Pulgarin has never filed a notice of appeal regarding this decision by the district court; the only notice of appeal he has filed was more than a year later and was with respect to the order dealing with his § 3582 motion. See FED. R. APP. P. 3(a)(1) (requiring a notice of appeal to be filed before an appeal may be taken); see also Smith v. Barry, 502 U.S. 244, 245 (1992) (noting that Rule 3 sets forth a jurisdictional prerequisite to review).

[1]This appeal was originally dismissed by the clerk of court for failure to pay the requisite filing fee, but was reinstated when Pulgarin received leave to proceed *in forma pauperis*.

[2]As such, we do not consider the validity of the district court's order denying him relief under 18 U.S.C. § 3582. As Pulgarin has filed a timely notice of appeal from this order, presumably he could still appeal this decision. We note, however, that in the year that has passed since his notice of appeal was filed, Pulgarin has not made any effort to prosecute his appeal. See FED. R. APP. P. 3(a)(2).

3

Accordingly, the government argues that we lack jurisdiction to hear this appeal because Pulgarin is seeking to use the timely notice of appeal he filed from the denial of his § 3582 motion as a means of obtaining an out-of-time appeal from the denial of his § 2255 motion.

Although Pulgarin did not file a notice of appeal with respect to the district court's order denying him relief under § 2255, he did file in the district court a motion for a COA. Arguably, we could consider this motion for a COA, made to the court below, as the "functional equivalent" of a notice of appeal. Smith, 502 U.S. at 248. Indeed, we have charted a virtually identical course before. See Stevens v. Heard, 674 F.2d 320, 322 (5th Cir. 1982) (per curiam) (holding that a request for a Certificate of Probable Cause would satisfy the requirements of Rule 3).

In Stevens, however, we made sure that the Certificate of Probable Cause satisfied the content requirements of Rule 3. See id. Rule 3(c) expects that the notice of appeal, or its functional equivalent, must at least (1) specify the party or parties taking the appeal; (2) designate the judgment, order, or part thereof appealed from; and (3) name the court to which the appeal is taken. See also Smith, 502 U.S. at 248. Here, the petitioner's motion for a COA meets the first and second of these requirements, but does not satisfy the third. By failing to name the court to which he appeals, petitioner fails to fulfill Rule 3(c).

An argument can be made that this failure should not deter us from considering his motion for a COA as a notice of appeal. A COA is a certificate of *appealability*, and because the only court to which he could appeal is this court, perhaps we should forgive his mistake. After all, we are obligated to "liberally construe the requirements of Rule 3." Smith, 502 U.S. at 248. We reject this contention, however. As the Court has clearly explained, "[t]his principle of liberal construction does not [] excuse noncompliance with Rule 3." Id. As such, we find that we do not have appellate jurisdiction over petitioner's appeal.

**CONCLUSION**

For the reasons set forth above, we DISMISS petitioner's appeal.

4