United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50555
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE MARCELO FRIAS-RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-02-CR-354-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

    Jose Marcelo Frias-Rodriguez appeals his sentence imposed

following his guilty plea conviction for possession with intent

to distribute less than 50 kilograms of marijuana.  Frias was

sentenced to a term of imprisonment of 18 months to be followed

by a three-year term of supervised release.

    This court must examine the basis of its jurisdiction on its

own motion if necessary.  See Mosley v. Cozby, 813 F.2d 659, 660

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1987). Although Frias' letter to the court indicated that he was seeking a reduction of his sentence, the other statements in his letter clearly evinced his intent to appeal his sentence. Therefore, the court has jurisdiction to address this appeal. See Stevens v. Heard, 674 F.2d 320, 322-23 (5th Cir. 1982).

Frias argues that the district court clearly erred in refusing his request to reduce his offense level for having a minor role in the offense. He argues that he was merely a courier transporting a relatively small amount of marijuana and that his consent to search his vehicle indicated that he was not a sophisticated drug smuggler.

A defendant's offense level may be decreased by two levels if the defendant was a minor participant in an offense. See U.S.S.G. § 3B1.2. A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The district court did not clearly err in determining that Frias failed to show that there were any other participants in the offense and thus, that Frias failed to show that he was substantially less culpable than other involved individuals involved in the offense. United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

AFFIRMED.