# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2025

Lyle W. Cayce
Clerk

————————

No. 25-10357

————————

Lisa Washington,

*Plaintiff—Appellant*,

*versus*

Edwards Lifesciences, L.L.C.,

*Defendant—Appellee*,

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2565

_____

Before Wiener, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Lisa Washington failed to comply with a Standing Order barring parties from citing evidence and legal authority in footnotes. Consequently, the district court declined to consider her summary-judgment briefs. Then, relying solely on the materials filed by Defendant-Appellee Edwards Lifesciences, L.L.C. ("Edwards"), the court granted summary judgment for Edwards and dismissed Washington's claims with prejudice.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

25-10357

Washington appeals, arguing that the court abused its discretion by wholly disregarding her materials for an inadvertent failure to adhere to a rule of form. We agree and therefore VACATE the judgment and REMAND for further consideration.

## I.

Washington was a long-time employee of Edwards, a medical technology company that sells artificial heart valves. Washington worked in sales, which required her to meet with potential customers both inside and outside hospital settings to promote Edwards's products.

In August 2021, Edwards instituted a COVID-19 vaccine mandate for all "patient-facing and in-hospital employees," including "sales representatives." Although the mandate applied to Washington, she sought and received a religious exemption, which allowed her to continue working in her position so long as she complied with Edwards's masking and testing requirements and monitored her customers' vaccination policies.

Edwards later implemented a revised vaccine mandate that extended to employees who met with healthcare workers outside of hospitals, which included Washington. Washington sought a second accommodation that would allow her to continue in her role but would require her to meet with healthcare workers in hospitals only, but Edwards rejected her request. However, Edwards offered her the opportunity to apply for other jobs within Edwards that would not require her to be vaccinated. But after Washington failed to identify an acceptable alternative position, Edwards terminated her.

Washington then sued Edwards in November 2022, alleging that Edwards violated Title VII by discriminating, harassing, and retaliating

against her because of her religion.[1] In June 2023, the district court entered an order instructing the parties to take note of the court's forthcoming Standing Order governing the court's policies and procedures, which was to go into effect July 1, 2023. The order contained a hyperlink to the rules, as well as instructions for accessing the rules on the district court's website. One of the rules required litigants to "[l]imit footnotes to only explanatory statements and dicta." Procs. for Cases Assigned to Dist. Judge Ada Brown & Standing Ord. II.K (Jan. 10, 2025), https://www.txnd.uscourts.gov/judge/judge-ada-brown.

Months later, Washington moved for summary judgment on her religious-discrimination claim, and Edwards moved for summary judgment on all claims. Washington responded to Edwards's motion for summary judgment, citing legal authority and evidence that she argued supported her claims. However, as the district court explained, Washington "use[d] *only* footnote citations for virtually all citations to both law and the respective appendi[ces]" in each of her summary-judgment filings. Because Washington's briefs did not conform to the Standing Order, the court declined to "consider" her motion for summary judgment—which it denied outright—as well as her responsive briefing. As a further consequence, the court indicated that it would not "sift through" the appendices Washington attached to support her positions. The court did not offer Washington leave to refile her materials.

The court then granted summary judgment for Edwards, relying exclusively on the summary-judgment materials Edwards submitted.

---

[1] In addition to Title VII, Washington alleged that Edwards violated the Age Discrimination in Employment Act by discriminating and retaliating against her because of her age. She also asserted a claim for breach of contract. Washington later withdrew these claims.

25-10357

Accordingly, the court dismissed Washington's claims and entered judgment for Edwards.

Washington subsequently moved for leave to file corrected briefs. However, before the court could rule on her motion, Washington appealed. The court denied Washington's motion in light of her appeal, though it explained that, notwithstanding the appeal, it still would have denied leave because its decision to reject Washington's materials did not strip her of any rights, as it "neither summarily granted Edwards's motion for summary judgment nor str[uck] any filing." The court further explained that "[b]y not striking Washington's improper filings, her arguments are preserved for appeal," which the court noted would be reviewed by this court de novo. The court also stated that, in any event, it "fully addressed the merits of each of Washington's remaining claims in its opinion" and it would have "reach[ed] the same result—dismissal of all claims"—even if it had considered her materials.

## II.

District courts and their judges have wide latitude to fashion rules governing the conduct of litigants. Pursuant to Federal Rule of Civil Procedure 83, a district court may adopt local rules "governing its practice" so long as the rules are "consistent with . . . federal statutes and rules," including the Federal Rules of Civil Procedure. FED. R. CIV. P. 83(a)(1). Courts, however, are prohibited from "enforc[ing]" "[a] local rule imposing a requirement of form . . . in a way that causes a party to lose any right because of a nonwillful failure to comply." FED. R. CIV. P. 83(a)(2).

Individual district judges may similarly adopt rules that "regulate practice in any manner." FED. R. CIV. P. 83(b). Such rules, which are often entered as standing orders, must be "consistent with federal law, [the Federal Rules of Civil Procedure], and the district's local rules." *Id.* Because

4

judge-specific rules are subordinate to federal and local rules, they must comport with the substantive restrictions governing the superior rules. In other words, limits on the scope of local rules apply to judge-specific rules, as well. Therefore, like local rules, judge-specific rules of form cannot be "enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." FED. R. CIV. P. 83(a)(2).

This court "review[s] [a] district court's administrative handling of a case, including its enforcement of the local rules . . .[,] for abuse of discretion." *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002) (per curiam); *see also Victor F. ex rel. Gene F. v. Pasadena Indep. Sch. Dist.*, 793 F.2d 633, 635 (5th Cir. 1986) (per curiam) ("The standard we apply in reviewing a district court's application of local rules in disposing of motions is . . . an abuse of discretion standard."); *cf. Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) ("[I]f the district court refuses to consider the [additional] materials [submitted after summary judgment was granted], the reviewing court applies the abuse of discretion standard.").

## III.

Federal Rule of Civil Procedure 56 grants parties the right to seek summary judgment, as well as the concomitant right to defend against summary judgment. *See* FED. R. CIV. P. 56(a); *see also Johnson v. United States*, 460 F.3d 616, 620 n.5 (5th Cir. 2006) (characterizing the ability to seek summary judgment as a "right"); *Powell v. United States*, 849 F.2d 1576, 1582 (5th Cir. 1988) (same). When presented with a motion for summary judgment, a district court is *required* to "consider . . . the cited materials" submitted by the parties. FED. R. CIV. P. 56(c)(3).

Washington argues that the district court violated these rules and abused its discretion by disregarding her summary-judgment materials due solely to an unintentional failure to comply with the court's in-line citation

requirement—a rule of form. Edwards does not dispute that the citation rule governs only form or that Washington's violations were unintentional. However, echoing the district court, Edwards avers that Washington did not lose any right as a result of the court's refusal to consider her materials because this court can review the evidence and consider the merits of her arguments de novo. Edwards also argues that the district court de facto adjudged the case on the merits because it found that no dispute of material fact prevented judgment in Edwards's favor.

Edwards's arguments are without merit. By rejecting Washington's materials due to a nonwillful failure to comply with a requirement of form, the court caused Washington to lose her Rule 56 rights to seek and defend against summary judgment. Consequently, the court's enforcement of its Standing Order contravened Rule 83(a)(2). The court also violated Rule 56(c)(3) by refusing to "consider . . . the cited materials" in Washington's briefs—notwithstanding the citations' errant placement below the footnote separators. In turn, the court violated Rule 83(b) by "regulat[ing] practice" inconsistent with the federal rules. FED. R. CIV. P. 83(b).

Contrary to Edwards's assertion, these violations cannot be ignored simply because this court reviews summary-judgment orders de novo. This argument gravely mistakes our role and overlooks that de novo review is just that—a standard of *review*. Here, the district court did not even assess Washington's motion for summary judgment, denying it outright, and its entry of judgment for Edwards is deficient due to the court's refusal to consider Washington's responsive briefing. Regardless of whether such materials are in the record, this court "employ[s] the general rule that a federal appellate court does not consider an issue not passed upon below." *Wise v. Wilkie*, 955 F.3d 430, 439 n.39 (5th Cir. 2020) (citation modified). The district court neglected to consider the materials before it—which it was

required to review—and it is not this court's role to take first pass at parties' arguments.

The district court's post-appeal assessment of the merits of Washington's arguments and evidence is also insufficient to rehabilitate the court's order on summary judgment. Although the court explained in its order denying leave to file corrected briefs that it would have reached the same conclusions had it considered Washington's materials, it did not have jurisdiction over the case at that point. *See In re Ft. Wor. Chamber of Com.*, 100 F.4th 528, 536 (5th Cir. 2024) ("The filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal." (citation modified)). Even if its post hoc statement was sufficient to satisfy the court's duty to consider Washington's materials, it cannot be considered here. *See id.* ("[A] district court does not have the power to alter the status of the case as it rests before the Court of Appeals." (citation modified)). Instead, the only item before this court for review is the improper summary-judgment order. For the reasons discussed above, that order must be vacated because the district court abused its discretion.

\* \* \*

District courts have an array of tools at their disposal to keep parties (and their counsel) in check and to ensure that they comply with the rules. Among these tools, which inhere in district courts, are the powers to reject a noncompliant brief and order that it be refiled, to sanction, to hold in contempt, and, only in extraordinary circumstances, to dismiss a party's claims. *See, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) ("[S]anctions include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit

warnings." (citation modified)); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) ("[Inherent] powers include the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court."); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("[A] district court's power to control its docket includes the inherent power to dismiss a case."); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

But courts must be judicious in selecting the right tool, acting with "great restraint and caution" to ensure that the corrective action is appropriate and commensurate with the transgression. *Nat. Gas Pipeline*, 86 F.3d at 467. Generally speaking, "[i]f there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." *Id.* Here, however, the court imposed at the outset one of the most drastic sanctions when it chose to wholly disregard Washington's summary-judgment materials. While Washington's counsel undoubtedly should have been familiar with the court's rules, it is undisputed that his error was unintentional. Yet rather than reject the nonconforming pleadings and require that counsel promptly correct the filings, or even impose a penalty targeting counsel specifically, the court penalized the party[2] by effectively depriving her of her right to seek and defend against summary judgment. In so doing, the court abused its discretion.

---

[2] Clients and laypeople are typically not aware of court rules and judge-specific preferences, so imposing a drastic measure like dismissal with prejudice falls harshly on the client rather than counsel.

## IV.

The court's rejection of Washington's summary-judgment materials violated Federal Rules 56, 83(a)(2), and 83(b). Therefore, we conclude that the district court abused its discretion, and we VACATE the judgment and REMAND to the district court for further consideration.