**Clifford Ray DELONEY,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.**

**No. 81–1289.**

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1981.

Clifford R. Deloney, pro se.

Mark White, Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

Clifford Deloney, a Texas state prisoner serving a life sentence, has moved for appointment of counsel in order that he may effectively pursue an appeal of the district court's denial of his application for habeas corpus relief. In denying that motion and appellate review, we find that although his notice of appeal had been timely filed, Deloney had waived his right to appeal by failing to object to the findings, conclusions and recommendation of the magistrate.

Deloney was arrested in 1976 for forgery. Upon his plea of not guilty, his case was tried by jury and a guilty verdict was returned. Thereafter, Deloney entered pleas of "true" to the enhancement paragraphs of the indictment and was sentenced to the mandatory term of life imprisonment. That conviction was subsequently affirmed by the Texas Court of Criminal Appeals. After unsuccessfully filing one application for habeas corpus relief in the Texas courts, Deloney brought a federal habeas corpus petition. In denying that petition, the district court accepted a United States Magistrate's report and recommendation finding Deloney's claims to be without merit.

The first point to be considered is whether petitioner timely filed his notice of appeal. We find that he had. Under Fed. R.App.P. 4(a), "notice of appeal . . . shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." Judgment was rendered against Deloney on April 30, 1981. His notice of appeal was not filed until 40 days later, on June 10th. A rigid application of the Rule would mandate that any appeal would be dismissed.[1] However, a rigid application under the facts of this case would be unjust. Deloney's *pro se* notice of appeal evidences its signing and notorization 5 days after judgment against him was entered. More significant is the "Received" stamp of the district court clerk on the reverse side of that notice dated 14 days after the final judgment. No explanation has been given for the delay between the receipt and the filing. Because of this, we adopt the Ninth Circuit's holding in *Aldabe v. Aldabe*, 616 F.2d 1089, 1091 (9th Cir. 1980). There it was stated that

> Under F.R.A.P. 4(a), the notice of appeal must be filed with the district court within 30 days of the entry of the judgment or order from which appeal is to be taken.

---

1. "Since Fed.R.App.P. 4(a) was amended in August of 1979, this circuit has held a tight rein on the timely-filed requirement." *Ryals v. Estelle*, 661 F.2d 904 (5th Cir. 1981). *See also Barks-dale v. Blackburn*, 647 F.2d 630 (5th Cir. 1981); and *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521 (5th Cir. 1980).

Final judgment, in this case, was entered on May 12, 1977. The notice of appeal was *received* by the district court clerk on June 13, 1977, but not formally *filed* until June 28, 1977. Because an appellant has no control over delays between receipt and filing, a notice of appeal is timely filed if received by the district court within the applicable period specified in Rule 4. *Parissi v. Telechron*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955); *United States v. Solly*, 545 F.2d 874, 876 (CA3 1976); *Da'Ville v. Wise*, 470 F.2d 1364, 1365 (CA5 1973), *cert. denied*, 414 U.S. 818, 94 S.Ct. 40, 38 L.Ed.2d 50. We hold that appellant satisfied the 30-day requirement for filing the notice of appeal. Consequently, we proceed to the merits.

■ Unlike the court in *Aldabe*, however, we are still precluded from reaching the merits. Under 28 U.S.C. § 636(b)(1) of the Federal Magistrates Act,

> a judge may...designate a magistrate to conduct hearings...and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, ...of applications for posttrial relief made by individuals convicted of criminal offenses...
>
> ...Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Deloney failed to object to the magistrate's report. Such failure has been interpreted to constitute a waiver of the right to appeal. *Nettles v. Wainwright*, 656 F.2d 986 (5th Cir. 1981); *United States v. Lewis*, 621

F.2d 1382, 1386 (5th Cir. 1980), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981). In *Nettles* the court stated that

> It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the court must specifically consider. Although the statute calls for "a de novo determination" by the judge, such a determination need only be made as to the "portions of the report or specified proposed findings or recommendations *to which objection is made*" (Emphasis added.)

Accordingly, Deloney's motion for appointment of counsel is DENIED, and this case is hereby DISMISSED.[2] There it was stated that "[w]hen a case is frivolous or its outcome so certain as a practical matter the appellate court is not compelled to sacrifice either the rights of other waiting suitors, its own irreplaceable judge-time or administrative efficiency in judicial output by a traditional submission with all the trappings." *Id.* at 1162.

---

2. We are summarily disposing of this case pursuant to *Groendyke Transport, Inc. v. Davis,*    406 F.2d 1158 (5th Cir. 1969), *cert. denied,* 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969).