869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter CARTER, Plaintiff-Appellant,
v.
Larry LACK; Harley Seimer; Larry Woodlee; Kevin Butler,
Defendants-Appellees.
 No. 88-5865.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Walter Carter, appeals an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On April 13, 1988, plaintiff, a Tennessee prisoner, tendered an application for leave to proceed in forma pauperis and a complaint in the District Court for the Eastern District of Tennessee. As the basis of his cause of action, he related that on April 13, 1987, defendant Kevin Butler, a guard at the Morgan County Regional Correctional Facility, had encouraged another inmate to assault him and then refused to call for medical assistance to treat the injuries which he had received during that confrontation. The district court, however, did not grant the request for pauper status until April 19, 1988, so the complaint was not formally filed until that date. Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), contending that the action was barred by the one year statute of limitation because the cause of action arose more than one year before the filing of the complaint. See Tenn.Code Ann. Sec. 28-3-104(a). The district court agreed and ordered the dismissal of the complaint. Plaintiff subsequently filed this appeal.
 
 
 3
 The conclusion reached by the district court was incorrect. The record clearly shows that plaintiff tendered his complaint in connection with his motion to proceed in forma pauperis in the district court on April 13, 1988. For purposes of compliance with the statute of limitations, a complaint is deemed to have been filed when it is tendered in the district court with a request for pauper status. Krajci v. Provident Consumer Discount Co., 525 F.Supp. 145, 149 (E.D.Pa.1981), aff'd, 688 F.2d 822 (3d Cir.1982); cf. Parrissi v. Telechron, Inc., 349 U.S. 46, 46 (1955) (notice of appeal is timely if received by court within prescribed period); Deloney v. Estelle, 661 F.2d 1061, 1062-63 (5th Cir.1981) (receipt of notice of appeal by court rather than formal filing determines timeliness). As plaintiff accomplished that act within the one year period permitted by Tenn.Code Ann. Sec. 28-3-104(a), the district court erred in concluding that his claim was barred by the statute of limitations.
 
 
 4
 Accordingly, the motion for appointment of counsel is denied, and the district court's final order is hereby vacated and the case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit. On remand, the district court should consider the questions of whether venue over the case properly lies with the District Court for the Middle District of Tennessee and whether the case should therefore be transferred to that court pursuant to 28 U.S.C. Sec. 1406(a).