In re Marilyn Jean GODFREY, Debtor.

Katherine K. WOOD, Appellant,

v.

Marilyn Jean GODFREY, Appellee.

BAP No. OR 88–2170–AsJMe.
Bankruptcy No. 386–03477–S7.
Adv. No. 87–0147–S.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 21, 1989.

Decided Aug. 15, 1989.

Brien F. Hildebrand, Moomaw, Miller & Reel, Beaverton, Or., for appellant.

Sally Leisure, Dunn, Carney, Allen, Higgins & Tongue, Portland, Or., for appellee.

OPINION

Before ASHLAND, JONES and MEYERS, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge:

Katherine Wood, as assignee of a judgment obtained in a divorce proceeding, appeals the bankruptcy court's order awarding the debtor a $15,000 homestead exemption. We affirm.

FACTS

The facts in this case are not in dispute. The bankruptcy court's decision was based on the parties' cross motions for summary judgment and stipulated facts. Pursuant to a divorce decree, Ms Godfrey, the debtor, was awarded the marital residence. Under the decree her spouse was granted a lien against the property in the sum of $80,000, which was to become due and payable when Ms Godfrey's children completed high school.

Ms Godfrey's spouse assigned his interest in the lien to Mrs Wood. To protect her lien, Mrs Wood purchased a trust deed given by the debtor on the residence. The debtor was delinquent on her payments under the deed of trust and Mrs Wood initiated a foreclosure by trustee's private sale. At the sale Mrs Wood bid $57,567.21. The proceeds of the foreclosure sale were applied as follows: 1) $1,241 to expenses of the sale; 2) $29,554.84 repayment of the note secured by the trust deed; and 3) $26,770.37 applied to the lien granted in the divorce proceeding.

The foreclosure sale took place on July 7, 1986, the same date that the debtor filed bankruptcy. The debtor's petition was first given to the bankruptcy court clerk at approximately 11:15 a.m. on July 7, 1986. The petition was rejected by the clerk because it did not have an attorney's signature on Exhibit B, the Attorney's Disclosure Statement. A signature was obtained, and the petition was given to the bankruptcy clerk at 12:29 p.m. The clerk was asked to file the petition before 12:30

p.m., however the petition was not machine stamped by the clerk until 12:33 p.m. The trustee's sale conducted on July 7, 1986 was commenced at 12:30 p.m. and was completed before 12:33 p.m.

The bankruptcy court ruled that the debtor's residence was property of the estate because the petition was filed at 12:29 p.m., before the trustee's sale began. Because there was no equity in the property for the estate, over and above the debtor's homestead exemption, the bankruptcy court granted relief from the automatic stay retroactively, thereby validating the foreclosure sale. The court then entered judgment for the debtor in the amount of $15,000, the amount of Oregon's homestead exemption. Mrs Wood timely filed her appeal.

Mrs Wood contends that the bankruptcy court erred in determining that the residence was property of the estate at the time of the foreclosure sale, and that even if it was property of the estate a lien arising from a divorce decree may not be avoided under 11 U.S.C. § 522(f)(1). Finally, Mrs Wood argues that Oregon's exemption statute does not apply to foreclosure by a private trustee's sale, and therefore the debtor was not entitled to a homestead exemption under state law.

ISSUES

1. Whether the debtor's residence was property of the estate before the foreclosure sale was completed.

2. Whether Oregon's exemption statutes apply to foreclosure by a private trustee's sale.

3. If so, whether a lien arising from a divorce decree may be avoided under 11 U.S.C. § 522(f).

STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Since this case was submitted on stipulated facts, the issues on appeal present questions of law.

## DISCUSSION

 Mrs Wood's position is that the filing stamp establishes the time the petition was filed, and that as a result the debtor's bankruptcy petition was not filed until 12:33 p.m. which, according to the stipulated facts, was after the foreclosure sale had taken place. A voluntary case under one of the chapters in Title 11 is commenced by the filing with the bankruptcy court of a petition. 11 U.S.C. § 301. The threshold question presented by this appeal is when is a petition filed with the bankruptcy court. In *Cintron v. Union Pacific R.R., Co.,* the Ninth Circuit held that the:

papers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court.

813 F.2d 917, 920 (9th Cir.1987). Within the context of this case a bankruptcy petition is analogous to an original complaint filed in a civil proceeding, in that it commences the case. In a case where it is disputed exactly when the petition was placed in the possession of the clerk the file stamp gives rise to the presumption that the petition was filed when it was date and time stamped by the clerk. However, in this case the parties stipulated that the petition was actually in possession of the clerk of the court at 12:29 p.m. Under the rule enunciated in *Cintron* that a petition is filed when it is placed in the possession of the clerk of the court, the debtor's petition was filed at 12:29 p.m. Thus, the petition was filed before the trustee's sale commenced, and the residence was property of the bankruptcy estate under 11 U.S.C. § 541(a).

In addition, the Ninth Circuit has held that where an otherwise timely complaint is rejected by the clerk of the court for failure to follow the local rules, the case should not be dismissed even though the corrected documents are filed after the limitations period. *See Cintron,* 813 F.2d at 920–21; *Loya v. Desert Sands United School District,* 721 F.2d 279, 280 (9th Cir.1987). The court in *Loya* stated:

To uphold the Clerk's rejection of [the complaint] would elevate to the status of a jurisdictional requirement a local rule designed merely for the convenience of the court's own record keeping. While such interests are important, local rules to serve them should not be applied in a manner that defeats altogether the litigant's right to access the court.

*Loya,* 721 F.2d at 280. The *Loya* court held that for purposes of the statute of limitation a complaint should be deemed filed when it arrives in the custody of the clerk within the statutory period but fails to conform to the formal requirements of the local rules. *Id.* at 281. Applying *Loya* and *Cintron,* the debtor's petition should be deemed filed when the debtor first presented the petition at 11:15 a.m., and the petition was rejected by the clerk of the court because it did not conform to the local rules pertaining to the attorney's signature on Exhibit B to the petition.

Whether the petition was deemed filed at 11:15 a.m. or at 12:29 p.m., the residence was property of the estate, and therefore, subject to the automatic stay provisions of § 362(a). As a result the foreclosure sale was voidable. However, the court retroactively validated the sale and entered judgment for the debtor in the amount of $15,000 based on Oregon's homestead exemption statute.

 Oregon requires a debtor in bankruptcy to elect the Oregon statutory scheme of exemptions pursuant to 11 U.S.C. § 522(b)(2)(A). Or.Rev.Stat. § 23.305. Mrs Wood argues that the debtor is not entitled to a homestead exemption because the property was sold in a private trustee's sale, whereas Oregon homestead exemptions only apply to execution sales. Oregon's homestead exemption is set out in Or.Rev.Stat. § 23.240:

*Exemption of homestead or proceeds thereof; duration of exemption.* (1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount of $15,000, except as otherwise provided by law. . . .

Mrs Wood's argument that § 23.240 only applies to an execution proceeding is with-

out merit. A careful reading of the statute in question indicates that a homestead shall be exempt: (1) from a sale on execution, *and* (2) from the lien of every judgment, *and* (3) from liability in any form for the debts of the owner. Each of the three clauses contained in the first sentence of the statute is independent of the other clauses. The comma after the word "execution" and the word *"and"* preceding "from liability in any form for the debts of the owner" support the reading of the three clauses as independent of each other. In addition the word "from" precedes each of the three clauses contained in the sentence. Use of the word "from" preceding each of the three clauses would be grammatically incorrect if the clauses are not read as three separate and independent circumstances in which a homestead may be asserted. In the context of this case, the clause "from the lien of every judgment" contained in the statute means that the debtor's residence is exempt in the amount of $15,000 from every judgment lien asserted against the property.

As further support for her contention Mrs Wood argues that the homestead exemption is not applicable because a private trustee's sale is excluded from the exemption statute's operation by Or.Rev.Stat. § 23.260. Section 23.260 provides:

> *Exemption inapplicable to construction or purchase money liens or mortgages.* ORS 23.240 to 23.300 do not apply to ... purchase money liens or to mortgages lawfully executed.

For purposes of this analysis mortgage law is applicable to trust deed foreclosure proceedings. Or.Rev.Stat. § 86.715. The debtor does not dispute that Mrs Wood's deed of trust takes priority over the claimed exemption. It is the application of proceeds to satisfy a judicial lien before payment of the homestead exemption that is the subject of this dispute. Section 23.-260 cannot be read, as Mrs Wood suggests, to mean that since an exemption is not applicable to a trust deed, the proceeds over and above the amount necessary to satisfy the trust deed are not subject to the homestead exemption when used to satisfy a judicial lien. Section 23.260 merely

makes a homestead exemption inapplicable to certain consensual liens. Once the consensual liens are satisfied the homestead exemption contained in § 23.240 clearly applies to any remaining proceeds of the sale.

Mrs Wood also contends that because a debtor is not entitled to an exemption hearing under Or.Rev.Stat. § 23.445(10)(c) to determine whether there is any equity in the property when a trust deed is being foreclosed, the homestead exemption is not applicable to a trustee's sale. This argument is specious. The Oregon statutory scheme provides for a judicial determination as to whether there is any equity in the property after satisfaction of the consensual liens and application of the homestead exemption, when a creditor seeks to execute on a judicial lien. If no equity exists over and above the consensual liens and the homestead exemption a creditor may not execute on its lien. *Clawson v. Anderson,* 248 Or. 347, 434 P.2d 462, 464–65 (1967); *see* Or.Rev.Stat. § 23.445. This is not the case when a trust deed is foreclosed. A trust deed may be foreclosed when the underlying obligation is in default without regard to the equity, if any, the debtor has in the property. *See* Or.Rev. Stat. §§ 86.705–86.795; *see generally Bank of Myrtle Point v. Security Bank of Coos County,* 79 Or.App. 184, 718 P.2d 1373 (1986). This being the case there is no need to have a judicial determination as to whether there is any equity in the property. Any asserted homestead exemption must be applied after the trust deed has been satisfied. Or.Rev.Stat. § 23.260. Section 23.445 provides procedural protection for debtors when judicial lien holders seek to execute on their liens and does not substantively effect the availability of the exemption itself.

Finally, Mrs Wood argues that § 522(f)(1) may not be used to avoid her judicial lien because the debtor did not specifically seek avoidance in the adversary proceeding brought in this case, and because a lien arising from a divorce decree may not be avoided as a judicial lien. The debtor's motion to amend and supplement her complaint, which was granted by the

bankruptcy court, stated as a ground for relief:

> Therefore, when defendant bid the amount of $57,567.21 at the foreclosure sale, a small portion went to the expenses of the sale, $31,233.00 went to pay off the obligation secured by the trust deed, and the remainder was applied to decrease the amount of the judgment lien held by the defendant. Pursuant to ORS 23.240 plaintiff is entitled to an exemption of $15,000 from that portion of the foreclosure sale proceeds that were applied to the judgment lien.

The complaint together with the hearing on the amendment to the complaint clearly placed Mrs Wood on notice that the debtor sought to recover $15,000, based on her homestead exemption, which had been applied to satisfy the judicial lien held by Mrs Wood. The debtor's complaint was sufficient to show she was entitled to relief, thereby complying with Fed.R.Civ.P. 8, and the debtor was in fact awarded the relief sought in the amended complaint.

Mrs Wood's assertion that a lien arising from a divorce decree is not avoidable as a judicial lien under § 522(f)(1) has been addressed by this court in *In re Pederson*, 78 B.R. 264 (9th Cir.BAP 1987), and was recently affirmed by the Ninth Circuit in *In re Pederson*, 875 F.2d 781 (9th Cir. 1989). In *Pederson*, the Ninth Circuit affirmed this court's holding that a lien on real property arising from a dissolution of marriage is avoidable under § 522(f)(1). *Pederson*, at 783–784. Therefore Mrs Wood's judicial lien was avoidable under § 522(f)(1).

### CONCLUSION

The bankruptcy court's judgment awarding the debtor a $15,000 homestead exemption is affirmed.