In re Gregory and Rosalina
DOMALECZNY,
Debtors.

Bankruptcy No. 92 B 08747.

United States Bankruptcy Court,
N.D. Illinois, E.D.

July 13, 1992.

Robert Falcioni, Tinley Park, Ill., for debtors.

John F. Brennan, Jaros, Tittle & O'Toole, Ltd., Chicago, Ill., for LaSalle Talman Bank, FSB.

Craig Phelps, Chicago, Ill., Chapter 13 Trustee.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

LaSalle Talman Home Mortgage, the mortgagee on the Debtors' property, got a judgment of foreclosure and sale in state court against the Debtors. At the judicial foreclosure sale, a third party made a successful bid for the Debtors' house. The judicial sale was held the same day that the Debtors filed their Chapter 13 bankruptcy petition. The Debtors' petition was first received by the clerk's office before the judicial sale; however, due to long lines at the clerk's office, the Debtors did not pay the filing fee until after the sale, and the time listed on the petition's time stamp post-dates the sale. LaSalle argues the property was sold before the petition was filed, and requests that the Court modify the automatic stay to allow the state court to confirm the sale of the Debtors' property.

The Court will deny LaSalle's motion. A bankruptcy petition is deemed filed when it is received by the clerk, at least if the Debtor is then ready and able to pay the filing fee. Therefore, the Debtors' Chapter 13 bankruptcy petition was filed, and the automatic stay took effect, before the judicial sale took place.

## FINDINGS OF FACTS

LaSalle Talman Home Mortgage Corporation held a mortgage on the Debtors' home. On November 21, 1991, the Circuit Court of Cook County, Illinois entered a judgment of foreclosure in favor of La-Salle. Pursuant to that judgment, the property was sold on April 16, 1992. The property was offered for sale shortly after 11:00 a.m. and the bidding process was completed before 11:30 a.m. The successful bidder was a third party, who intended to use the property as her family's home. Her winning bid was $75,000. She paid the required 10% deposit, but has not paid the balance because of this bankruptcy case.

The Debtors knew about the sale and determined to stop it by commencing this case. Knowing the sale was scheduled for 11:00 a.m., one of the Debtors, Rosalina Domaleczny, arrived at the bankruptcy court clerk's office with the Debtors' Chapter 13 papers at about 9:30 a.m. on April

16. According to the uncontradicted testimony of Ms. Domaleczny and her mother, she handed those papers to the clerk at 10:15 a.m., and had the amount of the required fee with her, ready to pay. She had to wait more than two hours, however, to pay that fee. This delay was attributed to the flood that had occurred a few days earlier, although there was no direct evidence of the reason for delay. There was also no evidence offered that the clerk's office was not as backed up on that date as described by the Debtors' witnesses. Moreover, it is clear that the Debtors knew the importance of filing the petition before 11:00 am. The Court therefore credits the Debtors' evidence and finds that the Chapter 13 petition was placed in the custody of the clerk at 10:15 a.m. The fee was paid and the petition was time-stamped at 12:58 p.m.

## ISSUE

LaSalle argues that the time stamp on the petition indicates the sale was conducted prior to the filing of the petition, and thus the Debtors no longer had an interest in the property when their petition was filed. Therefore, the automatic stay should be modified and the sale consummated. The Debtors contend that their petition was filed prior to the sale, and thus the sale was in violation of the automatic stay and void. The issue facing the Court is whether the petition was deemed filed when the clerk first received possession of the petition, or only after the fee was paid and the petition time-stamped.

## CONCLUSIONS OF LAW

The automatic stay takes effect when the bankruptcy petition is filed. 11 U.S.C. § 362(a); *Richard v. Chicago*, 80 B.R. 451 (N.D.Ill.1987). Actions taken in violation of the stay are void. *Id.* If the Debtors' petition was filed before the sale took place, the sale was void, and the Debtors' property remains in the estate.

In *In re Godfrey*, 102 B.R. 769 (9th Cir. BAP 1989), the court was faced with a similar issue. The debtors had given the petition to the clerk before the foreclosure sale. The clerk returned the petition to the debtors because the petition was incorrect under the local rules. The debtors returned the corrected copy to the clerk one minute before the foreclosure sale; however, the petition was not file stamped until two minutes after the sale took place.

The court held that the petition was considered filed when it first was placed in the possession of the clerk. 102 B.R. at 771. The court analogized to the issue of when a complaint is considered filed in civil proceedings (usually raised in the statute of limitations context). The court cited *Cintron v. Union P.R. Co.*, 813 F.2d 917 (9th Cir.1987), which held the original complaint is filed when the papers and pleadings are placed in the possession of the clerk. 813 F.2d at 920. The *Cintron* court cited FRCP Rule 5(e). FRCP Rule 5(e) defines filing with the court as "filing them [papers] with the clerk." The *Cintron* Court held that the definition of "filing" is placing in possession of the clerk.[1]

Bankruptcy Rule 1002(a) provides that, "A petition commencing a case under the Code shall be filed with the clerk." Therefore, on the logic of *Godfrey*, *Cintron* and similar cases, the petition here was filed when the clerk took it into his custody. There is, however, an issue in this case not raised in *Godfrey*. In this case, the fee had not been paid when the clerk received possession of the petition. Bankruptcy Rule 1006(a) requires that "Every petition shall be accompanied by the prescribed filing fee...." Here, the Debtors were prepared to pay the fee when Ms. Domaleczny gave the petition to the clerk, but the clerk was not prepared to accept it until much later. She did pay the fee as soon as the clerk was ready to accept it.

In *Cintron*, the plaintiff paid the wrong filing fee with his complaint; he paid too

---

**1.** In *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987), the Seventh Circuit (citing *Cintron* ) held that a complaint is filed when it reaches the custody of the clerk, even if it fails to conform with the formal requirements of local rules. See also, *Lyles v. Board of Commissioners of Cook County*, 1991 WL 101633, 1991 U.S.Dist. Lexis 7669 (N.D.Ill.1991).

much. The clerk sent the complaint and check for the fee back and the plaintiff was unable to re-file in time. The court held that a statutory filing fee should not be elevated to the level of a jurisdictional requirement. 813 F.2d at 920. Of course, in *Cintron* as the court pointed out, the plaintiff had timely tendered a check for an amount greater than the fee. But the *Cintron* Court cited *Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), which held that nonpayment of filing fees did not affect the validity of an appeal. See also *Chicago v. U.S. Dept. of Labor*, 737 F.2d 1466, 1471 (7th Cir.1984) (notice of appeal and petition for review is filed once court of appeal receives actual custody of the document, notwithstanding failure to pay docketing fee).[2]

Bankruptcy Rule 1006(a) does not lead to a different result here. That Rule does not determine when a petition is filed. It does not say that a petition is not "filed" until the fee is paid, but only requires that a petition be accompanied by a fee. This petition was, and once the document was in the clerk's custody there is no reason to say it was not "filed" during the time the Debtors, through no fault of their own, waited to pay the fee.

At least on the facts here, the petition was filed when it was placed in the custody of the clerk and the Debtors were ready and able to pay the filing fee. The petition was therefore filed prior to the judicial foreclosure sale. Since the automatic stay was in place at the time of the sale, the sale was void. Hence, the Debtors' property is properly in the estate. LaSalle's motion to modify the automatic stay is denied.

---

**2.** Bankruptcy Courts have also held that pleadings other than petitions filed without proper filing fees will be considered "filed" as of the date the pleadings were put in the clerk's custody. See *eg. Cosper v. Frederick*, 73 B.R. 636 (Bkrtcy.N.D.Fla.1986) (complaint to determine dischargeability). These cases do not deal with the effect, if any, of Bankr.R. 1006(a), which is only applicable to petitions.