**Robert LEWANDOWSKI, Appellant,**

v.

**EMC MORTGAGE CORP., Appellee.**

**No. 94 C 2780.**

**Bankruptcy No. 94 B 4940.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 24, 1994.

Jack McCullough, Chapter 13 Trustee, Chicago, IL, and Robert Lewandowski, pro se, for appellant.

Robert Warren Greene, Jan Blitt Gaines, Elizabeth Fay Kaplan, Renee Fawn Meltzer,

Fisher & Fisher, P.C., Chicago, IL, for appellee.

### *MEMORANDUM OPINION AND ORDER*

ANN CLAIRE WILLIAMS, District Judge.

This matter is before the court on debtor Robert Lewandowski's ("Lewandowski") appeal of a March 24, 1994 ruling by Bankruptcy Judge Erwin I. Katz modifying the automatic stay of Lewandowski's Chapter 13 bankruptcy. For the reasons explained below, the bankruptcy court order is affirmed.

### *Background*

On August 17, 1992, Home Savings of America ("Home Savings") filed its mortgage foreclosure. Shortly thereafter, EMC Mortgage Corp. ("EMC") purchased a block of loans which included Lewandowski's mortgage on 6839 N. Keating Ave., Lincolnwood, Illinois. On November 13, 1992, Home Savings obtained a judgment of foreclosure with a redemption period which expired on March 24, 1993. A special commissioner sale was scheduled for March 26, 1993. However, on March 25, 1993, Lewandowski filed a Chapter 7 bankruptcy petition, No. 94 B 4940, which prevented the sale.

On September 1, 1993, Home Savings was granted a modification of the bankruptcy stay and was allowed to proceed with the mortgage foreclosure which was pending before Judge Hart, *Home Savings of America v. Lewandowski*, No. 92 C 5510. On November 15, 1993, Home Savings obtained an amended judgment of foreclosure with the period of redemption to expire on February 16, 1994. A special commissioner's sale was scheduled for March 14, 1994 at 10:00 a.m. That same morning, defendant filed a Chapter 13 bankruptcy petition. That petition is time stamped 10:48 a.m., March 14, 1994.

On March 24, 1994, EMC appeared before Bankruptcy Judge Erwin I. Katz, to request that the automatic Chapter 13 stay be modified on the grounds that Lewandowski's property was sold approximately twenty min-

utes prior to the filing of his petition. Lewandowski replied that he was disputing the time during the sale and the commencement of the bankruptcy action because "the time period was so close."[1] (Tr. 4). Later that day, the bankruptcy court held a hearing to determine whether the bankruptcy petition was filed before the foreclosure sale was complete.

At the hearing, two witnesses testified on EMC's behalf. Both testified that the sale concluded at 10:24 a.m. EMC also questioned Lewandowski. He testified that the time on his petition was an accurate account of the time, but that the procedure for filing his bankruptcy petition began "earlier than [the] time stamp." (Tr. 14). Lewandowski testified that he began filing prior to 10:00 a.m., but that the process was delayed because he had to get another form, did not have $160 in cash, and had to go before an emergency judge to have his fee payment plan accepted. (Tr. 16). When Judge Katz asked what time the clerk actually received his petition, Lewandowski replied, "I believe it was before 10:30." (*Id.*) There were no other witnesses.

At the conclusion of the hearing, Judge Katz stated: "This Court, under the facts testified to, has no choice but to grant their motion for relief from the stay. Under the facts testified, there is no other way I can find. The motion is therefore granted." (Tr. 17). The court also denied Lewandowski's motion for a stay pending appeal.

Subsequently, when Home Savings brought a motion for entry of an order approving the Report of Sale and Distribution in the case before Judge Hart, plaintiff opposed the motion based upon the timing issue raised in the bankruptcy court. In particular, Lewandowski sought a stay of confirmation of the sale pending his appeal of the bankruptcy court's ruling to this court. Since Judge Katz determined that the property was not in the bankruptcy estate because the foreclosure sale was held first,

---

**1.** A week earlier, Bankruptcy Judge Barliant denied Lewandowski's emergency motion to set aside the sale.

Judge Hart approved the sale and denied Lewandowski's objections.[2]

## Standard of Review

"The district and appellate courts review factual findings of the bankruptcy courts under a clearly erroneous standard, but review conclusions of law *de novo.*" *In re Newman,* 903 F.2d 1150, 1152 (7th Cir. 1990) (citing Bankruptcy Rule 8013). Since only factual findings are at issue here, this court reviews Judge Katz's decision under the clearly erroneous standard.

## Discussion

In this appeal, Lewandowski argues that the bankruptcy court did not hear proper testimony regarding the timing of the foreclosure sale. He also contends that any delay in the filing of his Chapter 13 petition was due to excusable neglect because he didn't know that he needed additional forms and $160 in cash. (Appellant's Brief at 2–3). EMC responds that Lewandowski's appeal should be denied because he is asking this court to "retry the facts which have already been heard and ruled upon in two separate but related cases." (Appellee's Response Brief at 3). Both parties cite *In re Domaleczny,* 142 B.R. 287 (Bankr.N.D.Ill.1992) in support.

In *Domaleczny,* the bankruptcy court held that the debtors' bankruptcy petition was filed when the clerk took it into his custody before the foreclosure sale although the filing fee was not paid until two hours later. *Id.* at 288. However, in so ruling, the court made clear that in that case, the uncontradicted testimony established that the debtors were ready and able to pay the fee at the same time they turned in the petition, but that "the clerk was not prepared to accept it until much later." *Id.* Therefore, the court found it appropriate to deem the petition "filed" and the subsequent foreclosure sale void because the delay in paying the fee was due to

the clerk's office. *Id.* at 289. Specifically, the court concluded, "[a]t least on the facts here, the petition was filed when it was placed in the custody of the clerk and the Debtors were ready and able to pay the filing fee." *Id.*

Here, as EMC correctly notes, Judge Katz held a hearing to determine the timing of the foreclosure sale and the filing of Lewandowski's bankruptcy petition. The uncontradicted evidence of EMC's witnesses stated that the foreclosure ended at 10:24 a.m. Both witnesses testified that they knew the exact time because a gentleman at the sale told the people gathered there to look at their watches when the sale ended, and announced it was 10:24.[3] (Tr. 6, 10). Also, although Lewandowski tried to impeach the witnesses by asking why the sale papers were not time stamped, both witnesses indicated that time stamping has never been a policy or practice. (Tr. 8, 12). Based upon this uncontradicted testimony, Judge Katz correctly concluded that the sale ended at 10:24.

Further, Lewandowski did not present clear evidence that he filed his bankruptcy petition prior to the foreclosure sale. Rather, Lewandowski stated only that he "believed" that the clerk actually received his petition "before 10:30." (Tr. 16). Lewandowski could not give an exact time and did not offer witnesses who could do so. The only clear evidence of the time of filing was supplied by the 10:48 time stamp on the petition. Thus, Judge Katz's finding that the foreclosure sale occurred before the filing of the bankruptcy petition was not clearly erroneous.

Lastly, the court notes that Lewandowski's reliance on *Domaleczny* is misplaced. On the facts of that case, the bankruptcy court held that the debtors' petition was "filed" because the delay in paying the fee was "through no fault of their own." *Domaleczny,* 142 B.R. at 289. Such is not

---

**2.** On July 21, 1994, Judge Kocoras denied Lewandowski's emergency motion for a restraining order against EMC.

**3.** Lewandowski points out that the first witness, Christine Doolin, testified that the sale began at 10:24 and ended at 10:24. (Tr. 6). However,

the second witness, Paul Scheuerlein, clarified that the sale did not begin at 10:24, but that both he and Doolin looked at their watches to confirm that it ended at 10:24 as the man at the sale announced. (Tr. 10).

the case here. Lewandowski's testimony establishes that he was not "ready and able" to pay the fee when he first gave it to the clerk because he did not have the $160 and had to fill out special payment plan forms. Consequently, Lewandowski's objections to the bankruptcy court order are rejected.

### Conclusion

For the foregoing reasons, the March 24, 1994 order of Judge Katz is affirmed.