**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30632
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR J. GOINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(02-CR-20041-2)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Arthur J. Goins appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The government challenges our jurisdiction, arguing that the district court abused its discretion in granting Goins an extension of time on the grounds of excusable neglect under FED. R. APP. P. 4(b)(4). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government also contends that, even with the extension of time, Goins's notice of appeal was untimely.

After considering the relevant factors, we have determined that the district court did not abuse its discretion in granting an extension of time based on excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995). We have further determined that, given the court's extension of time, Goins's notice of appeal was timely filed. See United States v. Miller, 666 F.2d 991, 993 (5th Cir. 1982); Deloney v. Estelle, 661 F.2d 1061, 1063 (5th Cir. 1981). We therefore have jurisdiction to hear Goins's appeal.

Goins contends that the evidence was insufficient to support his conviction under 18 U.S.C. § 924(c)(1)(A). He argues that the evidence shows merely that he legally possessed loaded firearms in his home, but not that he did so in furtherance of any drug trafficking crimes.

The evidence adduced at trial was that loaded semi-automatic weapons were found in the same closet as a bag containing approximately 196 grams of marijuana, and that crack cocaine and scales for weighing narcotics were found in another part of the small home. Given the proximity of the firearms to illegal drugs and the presence of scales used in drug trafficking, and viewing the evidence in the light most favorable to the verdict, a rational juror could have found beyond a reasonable doubt that Goins

possessed the firearms in furtherance of a drug-trafficking crime. See United States v. Ceballos-Torres, 218 F.3d 409, 410-11 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.