# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

No. 23-20047

IN THE MATTER OF PORTER DEVELOPMENT PARTNERS, L.L.C.,

*Debtor*,

WAYNE M. ENGLISH,

*Appellant*,

*versus*

LOWELL T. CAGE, TRUSTEE

*Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1804

_____

Before WIENER, WILLETT, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Proceeding pro se, Wayne English filed his notice of appeal of the district court's order affirming the bankruptcy court's grant of summary

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20047

judgment against him. It was stamped as filed one day late. Another panel dismissed that appeal for want of jurisdiction because of the late filing.

English also filed a motion for an extension of time to file his notice of appeal. The district court denied that motion. English now appeals that order, arguing that his notice of appeal of the summary judgment order arrived before the filing deadline, but the clerk could not find it for several days, and thus he should not be penalized for the late filing. Because English has not shown that his notice of appeal reached the clerk before the deadline, we AFFIRM.

I

This appeal arises out of bankruptcy proceedings for the bankruptcy estate of Porter Development Partners LLC. Wayne English is an investor in the bankrupt entity, Wallace Bajjali Investment Fund II L.P. The Wallace Bajjali debtors include Porter Development Partners LLC and several other entities. The bankruptcy court ordered joint administration of the debtors' cases in Porter Development Partners LLC's chapter 7 bankruptcy case.

Proceeding pro se, English appealed the bankruptcy court's order granting the Trustee's motion for summary judgment to the district court.[1] The district court affirmed. English then moved for a new trial; rehearing; reconsideration; and to modify, correct, or reform the judgment. That motion was denied by the district court on March 10, 2022. English then sought to appeal to this court. His notice of appeal is stamped as filed on April 12, 2022. Under Federal Rule of Appellate Procedure 4(1)(a), English had

---

[1] James Colling was also a party to several of the motions described in the procedural history. However, he is not a party to this appeal, so his involvement in the procedural history is not further discussed.

until April 11, 2022, to file his notice of appeal. Thus, his notice of appeal was not timely filed.

On April 15, 2022, English moved for an extension of time to file his notice of appeal. He explained that he had timely mailed his notice of appeal and that the priority tracking report from the United States Postal Service (USPS) confirmed that it was delivered on April 9, 2022, two days before the deadline, but that for several days the clerk could not locate the notice of appeal. He attached as an exhibit USPS tracking information for an item, which showed that the item was delivered on April 9, 2022, to an address in Houston, Texas. The Trustee opposed English's motion because the bankruptcy court had entered an agreed order requiring English to obtain approval from the bankruptcy court before filing any pleadings or appeals, and English had not shown that he had received permission to appeal.

In August 2022, the Trustee filed a motion to reopen the civil action so that the district court could rule on the motion for extension of time, because the Fifth Circuit was waiting to process the appeal of the summary judgment order until the district court ruled on the motion for extension of time. The Trustee also informed the district court that the bankruptcy court had entered an order on an enforcement motion concluding that English had not appealed with the authorization of the bankruptcy court, as required by the agreed order.

The district court then denied the motion for extension of time without explanation on December 1, 2022. It also denied the motion to reopen as moot because the motion for extension of time had been denied.

This court then processed English's appeal of the summary judgment order. Because English filed his notice of appeal one day late, the panel dismissed his appeal for want of jurisdiction on March 23, 2023. Through a motion for reconsideration and to amend the panel's dismissal order, English

raised his argument that his notice of appeal arrived before the deadline, but the clerk could not locate it until after the deadline. The panel denied the motion.[2]

Before the district court, English also moved for a new trial; for rehearing; to modify, correct or reform the judgment; and for reconsideration of the denial of his motion for extension of time to file an appeal. The substance of this motion focused only on the denial for an extension of time. He argued that his notice of appeal was delivered before the deadline but that it was not filed until after the deadline because the clerk was unable to locate it. The district court denied this motion without explanation. English timely appealed, stating that "[n]otice is hereby given that Wayne English's [sic] is appealing the issue that his Notice of Appeal was untimely as the priority mail USPS tracking report confirmed delivery on April 9, 2022."

## II

We review a district court's denial of a motion for extension of time for an abuse of discretion. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990); *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021).

## III

## A

English now identifies four issues on appeal: (1) that the proofs of claims he filed with the bankruptcy court were timely filed; (2) that he, as a

---

[2] "We may take judicial notice of prior court proceedings as matters of public record." *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (citing *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) ("A court may . . . take judicial notice of its own records or those of inferior courts.")). Because the ruling on English's motion is one of our own records, we take judicial notice of it here.

No. 23-20047

limited partner of the Wallace Bajjali Investment Fund II, is an owner of the Porter, Murphy, and WB Real Estate Holding partnerships as a result of the merger of the partnerships; (3) that limited partners in a limited liability company are given creditor status under the Texas Business Organizations Code, Chapter 101; and (4) the Trustee's motion for summary judgment was insufficient on several counts. The Trustee contends that there is only one issue that needs to be addressed on appeal: whether the district court's denial of English's motion for extension of time to appeal was an abuse of discretion.

We agree with the Trustee. The merits of English's case are not reviewable on appeal of a denial of a motion to extend time to file a notice of appeal. English argues on appeal that his notice of appeal should be considered timely filed, even though he does not identify it as an issue. Nonetheless, "we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). Thus, we will consider only whether the district court's denial of English's motion for extension of time to appeal was an abuse of discretion.[3]

---

[3] The fact that a prior panel faced English's argument regarding the late filing of his notice of appeal on a motion for reconsideration does not prevent our consideration of this appeal. The law-of-the-case doctrine establishes that "'when a court decides' an issue, 'that decision should continue to govern the same issues in subsequent stages of the same case.'" *Matter of AKD Investments*, 79 F.4th 487, 491 (5th Cir. 2023) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). But it only applies "to issues that were actually decided." *Id.* (quoting *Alpha/Omega Ins. Servs. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001)). English's prior appeal of the district court's order affirming the grant of summary judgment from the bankruptcy court was dismissed because the notice of appeal was filed too late. The panel's denial of English's motion to reconsider did not decide whether an extension of time to file a notice of appeal should be granted.

No. 23-20047

B

Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) allows the district court to extend the time to file a notice of appeal "regardless of whether [the party's] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires," as long as "that party shows excusable neglect or good cause." Because the motion for an extension of time to file the notice of appeal was filed beyond the 30-day period prescribed by Rule 4(a), the only question is whether the district court abused its discretion by denying the motion due to a lack of excusable neglect or good cause. English does not contend that his delay was the result of neglect. Rather, he argues that he did everything he could to comply with the deadline, and that he did comply. Consequently, we only consider good cause. [4]

The 1998 amendments to Rule 4(a)(5) added "good cause" as a reason a district court is permitted to extend the time for filing a notice of appeal. The advisory committee notes explain, "The rule gives the district court discretion to grant extensions for good cause whenever the court believes it appropriate to do so provided that the extended period does not exceed 30 days after the expiration of the time otherwise prescribed by Rule 4(b)."

English makes two arguments as to why his notice of appeal should be considered timely filed: (1) "that a filing is completed when it is first placed in the actual or constructive possession of the clerk" and (2) that delays between a notice being received and filed will not prevent a notice of appeal from being considered timely filed.

---

[4] The district court did not explicitly deny the motion due to lack of good cause or for any other reason. The district court gave no explanation for its initial ruling or for its denial of English's motion for reconsideration.

6

In support of his first argument, he cites cases concluding that "papers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court" and contends that this standard should apply to his filing of his notice of appeal. *In re Godfrey*, 102 B.R. 769, 771 (9th Cir. 1989) (quoting *Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 920 (9th Cir. 1987)); *see also In re Brown*, 311 B.R. 721, 725–28 (W.D. Pa. 2004) (holding that a complaint is constructively filed when it is first placed in the custody or possession of the clerk, and the time of constructive filing controls if different from formal filing). Because his notice of appeal was delivered on April 9, 2022, he argues, it should be found to be constructively in the possession of the clerk and thus considered filed at that time.

Even if our circuit had this rule, English has not shown that his notice of appeal was placed in the custody or possession of the clerk on April 9, 2022. The tracking information provided by English does not show what item was mailed, when it was mailed, or to what address the item was delivered. Further, English certified in his notice of appeal that "on April 6, 2022, a true and correct copy of this pleading was sent via fax, mail, e-mail, electronic service, or hand delivery to all counsel of record," but the Trustee stated to the contrary that he was not served with the notice of appeal until "on or about April 14, 2022" by ECF notice. Thus, English has not shown the clerk was in possession of his notice of appeal on April 9, 2022.

English relies on several cases, including *Deloney v. Estelle*, 661 F.2d 1061 (5th Cir. 1981), in support of his second argument that he should not be accountable for the delay between receipt and filing. In *Deloney*, a pro se plaintiff filed a notice of appeal ten days late, but his notice of appeal was "sign[ed] and notariz[ed] 5 days after judgment against him was entered" and had a "'Received' stamp of the district court clerk on the reverse side . . . dated 14 days after the final judgment." *Id.* at 1062. There was no

explanation for the delay between the notice being received and filed. *Id.* In that context, we said that "[b]ecause an appellant has no control over delays between receipt and filing, a notice of appeal is timely filed if received by the district court within the applicable period specified in Rule 4." *Id.* at 1063. We thus found the notice of appeal to satisfy the 30-day filing requirement. *Id.* English argues that his notice of appeal was likewise in the clerk's control before the deadline and that the delay cannot be ascribed to him, so his notice of appeal should be found to have been timely filed.

As discussed above, the tracking information alone does not show that English's notice of appeal was delivered to the clerk before it was stamped as filed. In *Deloney*, it was clear that the notice of appeal had been received before it was marked as filed because it was signed, notarized, and stamped as received well before the deadline. There is no such evidence here.

Because we cannot confirm what was delivered to the unknown address on April 9, 2022, or when the notice of appeal was served on opposing counsel, and because English filed his notice of appeal in violation of an agreed order in the bankruptcy court, we hold that the district court did not abuse its discretion in denying the motion for an extension of time to file the notice of appeal.

We therefore AFFIRM.